# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

KEVIN A. SMITH,

              Petitioner,

        v.

M. RICCI, et al.,

              Respondents.

Civil Action No. 04-4422 (SRC)

**OPINION**

**CHESLER**, District Judge

    This matter is before the Court on Petitioner Kevin A. Smith's petition for habeas corpus relief under 28 U.S.C. § 2254.  For reasons discussed below, the petition for habeas corpus relief will be dismissed as time-barred, pursuant to 28 U.S.C. § 2244(d).

## I. BACKGROUND

    On April 4, 1994, Petitioner Kevin A. Smith ("Mr. Smith") was indicted by a New Jersey State Grand Jury and was charged with the following offenses: First degree murder, in violation of N.J.S.A. 2C:11-3 (Count 1); first degree aggravated manslaughter, in violation of N.J.S.A. 2C:11-4a (Count 2); second degree manslaughter, in violation of N.J.S.A. 2C:11-4b (Count 3); third degree unlawful possession of a handgun, in violation of N.J.S.A. 2C: 39-5b (Count 4); second degree possession of a firearm for an unlawful purpose, in violation of N.J.S.A. 2C:39-4a (Count 5); fourth degree possession of a prohibited weapon, in violation of N.J.S.A. 2C:39-3f (Count 6); and second degree certain persons not to have weapons, in violation of N.J.S.A. 2C:39-7b (Count 7).  Mot. Dismiss Pet. Post-Conviction Rel. at 2.

Tried before a jury in the Superior Court of New Jersey, Monmouth County, Mr. Smith was found guilty of Counts 2, 4, and 5.  Id.  He was acquitted of Counts 1 and 3.  Id. Counts 6 and 7 were dismissed.  Id.  On June 2, 1995, Mr. Smith was sentenced by the court to a life sentence with a twenty-five year parole disqualifier.  Pet.'s Supp. Mot. ¶ 1.

Mr. Smith filed an appeal with the Appellate Division on October 2, 1995, and on May 7, 1998, the court affirmed his convictions and sentence.  Pet.'s Supp. Mot. ¶ 2.  While his appeal was pending, Congress enacted the Antiterrorism and Effective Death Penalty Act on April 24, 1996.  On September 24, 1998, the Supreme Court of New Jersey denied Mr. Smith's petition for certification.  Pet.'s Supp. Mot. ¶ 2.

On May 9, 2000, Mr. Smith filed his first petition for post-conviction relief in state court.  Pet.'s Supp. Mot. ¶ 5.  The court denied the petition on December 15, 2000, and the Appellate Division subsequently affirmed the denial.  Pet.'s Supp. Mot. ¶ 7.  On June 30, 2004, the Supreme Court of New Jersey denied Mr. Smith's petition for certification.  Pet.'s Supp. Mot. ¶ 8.

On August 24, 2004, Mr. Smith filed a second petition for post-conviction relief in state court.  Pet. Mot. Stay ¶ 5.  This second petition was dismissed on November 12, 2004.

Mr. Smith then filed the instant habeas corpus petition.  He signed the petition on August 27, 2004.[1]  Pet. Habeas Corpus at 7.  On October 27, 2004, this Court ordered Mr. Smith to show cause as to why his petition should not be dismissed as untimely, pursuant to 28 U.S.C. §

---

[1]A petition for habeas corpus relief is considered filed for the purposes of 28 U.S.C. § 2244(d) the moment it is delivered from a petitioner to prison officials.  Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998).  The record does not indicate when Mr. Smith delivered his application to prison officials.  In order to give him the earliest possible date for filing his application with this Court, the date on which he signed his habeas corpus petition will be considered his filing date.

2244(d).

## II. <u>Statute of Limitations Analysis</u>

The limitations period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Thus, pursuant to §2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See <u>Swartz v. Meyers</u>, 204 F.3d 417, 419 (3d Cir. 2000); See also <u>Morris v. Horn</u>, 187 F.3d 333, 337 n.1 (3d Cir. 1999).

An application for state post-conviction relief is considered "pending" within the

meaning of § 2244(d)(2), and the limitations period is tolled, from the time it is "properly filed,"[2] during the period between a lower state court's decision and the timely filing of a notice of appeal to a higher court, and through the time in which an appeal could be filed, even if the appeal is never filed.  Swartz, 204 F.3d at 420-24.  Nevertheless, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)."  Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir. 2001), cert. denied, 534 U.S. 959 (2001).  If a petitioner files second or subsequent petitions for state post-conviction relief, the limitations period will be tolled while such petitions are pending, just as it is tolled while his first petition for state post-conviction relief is pending.  See Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998).

The limitations period of § 2244(d) is also subject to equitable tolling.  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 122 S.Ct. 323 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  Equitable tolling applies "only when the principles of equity would make the rigid application of a limitation period unfair.  Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights." Miller, 145 F.3d at 618-19 (citations omitted).  The one-year limitations period in § 2244(d)(1), however, can only be equitably tolled when a petitioner has "exercised reasonable diligence in investigating and

---

[2]  "[A]n application is '*properly filed*' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.  In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally." Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

bringing the claims." Id. at 618.  Excusable neglect is insufficient; rather, a petitioner must in some extraordinary way demonstrate that he was prevented from asserting his rights.  Id.

In the instant case, Mr. Smith argues that his petition should not be dismissed as untimely under 28 U.S.C. § 2244(d) because he was prevented from accessing his legal papers and documents for approximately eight months and is therefore entitled to equitable tolling of the limitations period.  Pet.'s Supp. Mot. ¶¶ 3 and 4.  This Court, however, is compelled to dismiss his petition because even if the limitations period were equitably tolled for the eight months requested,[3] the petition would *still* be untimely under 28 U.S.C. § 2244(d).

Mr. Smith's conviction became final within the meaning of  28 U.S.C. § 2244(d) on December 23, 1998, or ninety days[4] after the Supreme Court of New Jersey denied certification of Mr. Smith's direct appeal on September 24, 1998.  Mr. Smith filed the instant petition for habeas relief on August 27, 2004: 2,074 days after his conviction became final.  During that period, Mr. Smith twice filed for post-conviction relief in state court. The first petition was filed on May 9, 2000 and became final on June 30, 2004.  Accordingly, the limitations period will be tolled for the 1,513 days during which the first petition was pending.  The second petition was filed on August 24, 2004 and became final on December 27, 2005[5]. Accordingly, the limitations

---

[3] The Court expresses no opinion as to whether Mr. Smith is indeed entitled to equitable tolling.

[4] The 90 days is added to account for the 90 day period for filing a petition for a writ of certiorari with the United States Supreme Court.

[5] The second petition was denied by the state court on November 12, 2004.  Under New Jersey law, appeals from the denial of post-conviction relief must be filed within 45 days of the judgement. N.J. Ct. R. 2:4-1. The second petition for post-conviction relief became final, therefore, on December 27, 2005, which is 45 days after the state court denied the second petition.

period will be tolled for the three days between the filing of the second petition for post-conviction relief and the filing of the instant habeas petition.  Subtracting the periods of time during which post-conviction petitions were pending (1,516 days) from the 2,074 days it took Mr. Smith to file the instant habeas petition, it appears to the Court that the clock had run for 558 days against the period of limitations on his habeas petition - far more than the one-year period of limitations for filing a habeas petition.

Mr. Smith claims that his application is nevertheless not time-barred, because he is entitled to equitable tolling of the limitations period.  Even if the Court were to equitably toll the limitations period for the periods Mr. Smith requests, however, his application would still be untimely.  Mr. Smith asserts that he did not have access to his legal papers for two periods of time: the first from October 8, 1998 until January 6, 1999, because he was in administrative segregation, and the second from January 7, 1999 to approximately[6] June 6, 1999, because a property room mix-up left him unable to access his papers.  Thus, Mr. Smith regained access to his legal documents on June 6, 1999, but waited 337 days - all of which count against the limitations period for the instant habeas petition - before he filed his first post-conviction petition for relief on May 9, 2000.  The trial court denied this first post-conviction petition, the Appellate Division affirmed the denial, and The Supreme Court of New Jersey, on June 6, 2004, denied certification.  Mr. Smith then waited an additional 55 days - all of which count against the limitations period for the instant habeas petition - before filing his second post-conviction claim for relief.  Therefore, at least 392 days - during which the statute of limitations was running - had

---

[6]Mr. Smith asserts that the property room mix-up was not resolved for "four (4) or five (5) month's [*sic*]" after Janruary 7, 1999.  Pet. Supp. Mot. ¶ 4.  The Court will view the evidence in a light most favorable to Mr. Smith and assume that the mix-up was resolved five months later, on June 6, 1999.

passed before the Mr. Smith filed his habeas petition with this Court.  As 392 days exceeds the one-year limitations period of 28 U.S.C. § 2244(d), Petitioner's claim is untimely.

### III. <u>CONCLUSION</u>

For the foregoing reasons, this Court finds that Kevin A. Smith's Petition for a Writ of Habeas Corpus under 28 U.S.C.§ 2254 is time-barred pursuant to 28 U.S.C. § 2244(d)(1); and the Court will dismiss the petition.

/s Stanley R. Chesler, U.S.D.J.

DATED: July 19, 2005